Craig Solomon Ganz (Bar No. 023650)
Michael S. Myers (Bar No. 29978)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
ganzc@ballardspahr.com
myersms@ballardspahr.com
Telephone: 602.798.5400
Facsimile: 602.798.5595
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Insight Direct USA, Inc., an Illinois corporation,<br><br>                         Plaintiff,<br><br>    v.<br><br>Wipro Limited, an India limited liability company,<br><br>                         Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Insight Direct USA, Inc. ("Insight Direct" or "Plaintiff"), for its Complaint against Wipro Limited ("Wipro" or "Defendant"), hereby alleges as follows:

**THE PARTIES JURISDICTION AND VENUE**

1.  Insight Direct is an Illinois corporation with its principal place of business in Tempe, Arizona. Insight is therefore a citizen of the states of Illinois and Arizona.

2.  Wipro is an India limited liability company with its principal place of business in Bangalore, India. Wipro is therefore a citizen of a foreign state.

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of the states of Illinois and Arizona and Defendant is a citizen of a foreign state, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.  This Court has personal jurisdiction over Defendant, as it submitted in writing to the personal jurisdiction of this Court. Specifically, pursuant to Insight

1 Direct's Terms and Conditions of Sale, as incorporated by the invoices governing the sale
2 of goods from Insight Direct to Wipro, provide for the exclusive jurisdiction and venue in
3 the courts of Maricopa County, Arizona.

4   5. Venue is proper in this Court because Defendant agreed to this forum as
5 more specifically described in Paragraph 4 above.

## GENERAL ALLEGATIONS

7   6. Insight Direct is the wholly-owned subsidiary of Insight Enterprises, Inc.
8 (collectively, Insight Direct and Insight Enterprises, Inc. are referred to as "Insight").

9   7. Insight is a leading provider of top name-brand information technology
10 ("IT") hardware and software, as well as advanced IT services. Insight operates in over
11 170 countries in North America, Europe, the Middle East, Africa, and Asia-Pacific.
12 Insight sells, among other things, computer related products, software, network and
13 connectivity products, printers and more. Insight also provides advanced IT services,
14 such as custom configuration, integration, enterprise consulting, resource management,
15 and project management. Insight also provides staffing solutions to clients in the IT field.
16 Since 1995, Insight Enterprises, Inc. has been listed on the NASDAQ exchange under the
17 symbol NSIT and was recently rated as a "Fortune 500" company.

18   8. Wipro ordered numerous products (the "Products") from Insight Direct.

19   9. Wipro ordered the Products pursuant to purchase orders (the "POs") and
20 emails submitted by authorized Wipro representatives.

21   10. Insight Direct delivered the Products and issued invoices (the "Invoices")
22 for payment for the Products to Wipro.

23   11. The Invoices incorporate by reference Insight Direct's Terms and
24 Conditions of Sale (the "T&Cs").

25   12. Collectively, the Invoices and T&Cs are referred to as the "Agreement."

26   13. Pursuant to the Agreement, Wipro agreed that the Agreement superseded
27 any previous communications, representations or agreements and that any additional or
28 different terms or conditions contained in any purchase order or other documents will not

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

2

1  be binding on Insight Direct.

2  14. Insight Direct expected Wipro to pay for the Products pursuant to the
3  Agreement.

4  15. Wipro has failed to pay all amounts due and owing under the Agreement.

5  16. Since at least September 2017, Insight Direct has made informal demand of
6  Wipro to pay the amounts due and owing under the Agreement.

7  17. On multiple occasions, Wipro promised to remit significant payments by
8  certain dates to Insight Direct, but Wipro failed to pay the amounts as promised.

9  18. For example, on November 14, 2017, a Wipro representative told Insight
10 Direct that a payment of $157,000 would be made by November 17, 2017 and a payment
11 of $550,000 would be made by November 24, 2017.

12 19. On November 16, 2017, another Wipro representative promised Insight
13 Direct that a payment of $450,000 would be sent by November 17, 2017.

14 20. In reliance on these promises, Insight Direct approved the shipment of
15 additional Products to Wipro that were critical to Wipro's business.

16 21. After Wipro received these critical shipments, Wipro failed to make the
17 payments as promised.

18 22. Nonetheless, Insight Direct continued to sell Products to Wipro in reliance
19 that Wipro would pay for the Products.

20 23. On June 18, 2018, Insight Direct sent a demand for payment (the
21 "Demand") to Wipro for payment of the outstanding balance owed by Wipro pursuant to
22 the Agreement.

23 24. Wipro still failed to pay all amounts due and owing under the Agreement.

24 25. Wipro currently owes $568,213.61 for Products shipped by Insight Direct
25 to Wipro for which Wipro has not paid under the terms of the Agreement.

26
27
28

3

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

26. Insight Direct repeats and realleges the foregoing allegations as though fully stated herein.

27. The Agreement, including all amendments thereto, is a valid, binding, and enforceable agreement between Insight Direct and Wipro whereby Wipro agreed to fulfill its obligations, including, without limitation, payment for the Products.

28. Insight Direct satisfactorily performed its obligations under the Agreement.

29. Wipro materially breached the Agreement by failing to pay for the Products.

30. As a reasonable and foreseeable consequence of Wipro's breach of the Agreement, Insight Direct has been damaged in an amount to be proven at trial, plus interest at the rate of 1.5% per month and reasonable attorneys' fees and costs incurred by Insight Direct in the enforcement of its rights under the Agreement and pursuant to A.R.S. § 12-341.01.

**SECOND CLAIM FOR RELIEF**
(Breach of the Covenant of Good Faith and Fair Dealing)

31. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

32. The Agreement includes a covenant of good faith and fair dealing.

33. Wipro has materially breached the covenant of good faith and fair dealing by acting to prevent Insight Direct from receiving the benefit of the bargain by, among other things, failing to pay for the Products and making misrepresentations that it would pay for Products.

34. As a direct and proximate cause of Wipro's breach of the Agreement, Insight Direct has been damaged in amount to be determined at trial, plus interest at the rate of 1.5% per month and reasonable attorneys' fees and costs incurred by Insight Direct in the enforcement of its rights under the Agreement and pursuant to A.R.S. § 12-341.01.

**THIRD CLAIM FOR RELIEF**
**(Unjust Enrichment – In the Alternative)**

35. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

36. Insight Direct entered into the Agreement with the reasonable expectation of payment from Wipro.

37. Wipro knowingly accepted and retained the benefits conferred by Insight Direct, including the Products, thereby enriching Wipro.

38. Insight Direct was impoverished by Wipro's knowing acceptance and retention of the benefits conferred upon Wipro.

39. It would contravene equity and good conscience to permit Wipro to retain the benefits of the Products.

40. Insight Direct is entitled to compensation from Wipro for the value of the benefit that Insight Direct conferred on Wipro to be proven at trial, plus interest and reasonable attorneys' fees and costs incurred by Insight Direct pursuant to A.R.S. § 12-341.01 or to the extent recoverable under applicable law.

**FOURTH CLAIM FOR RELIEF**
**(Promissory Estoppel – In the Alternative)**

41. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

42. Wipro made promises to pay the amounts due under the Invoices.

43. It was reasonably foreseeable to Wipro that Insight Direct would rely on these promises.

44. Insight Direct justifiably relied on these promises as evidenced by, among other things, delivering the Products to Wipro.

45. Insight Direct incurred loss or suffered detriment as a result of such reliance.

46. As a direct and proximate result of Wipro's conduct, Insight Direct suffered damages in an amount to be proven at trial, plus interest and reasonable attorneys' fees

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

1 and costs incurred by Insight Direct pursuant to A.R.S. § 12-341.01 or to the extent
2 recoverable under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant on the claims asserted herein, and that the Court enter the following relief:

A. With respect to the First Claim for Relief (Breach of Contract), Plaintiff Insight Direct requests that judgment be entered in its favor and against Defendant Wipro awarding damages in an amount to be proven at trial, together with interest through the date of judgment, late fees, pre- and post-judgment interest, attorneys' fees and other costs of bringing this action as provided for under the Agreement and pursuant to A.R.S. § 12-341.01;

B. With respect to the Second Claim for Relief (Breach of the Covenant of Good Faith and Fair Dealing), Plaintiff Insight Direct requests that judgment be entered in its favor and against Defendant Wipro awarding damages in an amount to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and other costs of bringing this action as provided for under the Agreement and pursuant to A.R.S. § 12-341.01;

C. With respect to the Third Claim for Relief (Unjust Enrichment), Plaintiff Insight Direct requests that judgment be entered in its favor and against Defendant Wipro awarding damages in an amount to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and other costs of bringing this action pursuant to A.R.S. § 12-341.01 or to the extent recoverable under applicable law;

D. With respect to the Fourth Claim for Relief (Promissory Estoppel), Plaintiff Insight Direct requests that judgment be entered in its favor and against Defendant Wipro awarding damages in an amount to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and other costs of bringing

this action pursuant to A.R.S. § 12-341.01 or to the extent recoverable under applicable law; and

D. Awarding to Plaintiff such other, further and different relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED this 3rd day of August, 2018.

BALLARD SPAHR LLP


By: */s/ Michael S. Myers*
Craig Solomon Ganz
Michael S. Myers
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
ganzc@ballardspahr.com
myersms@ballardspahr.com
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Attorneys for Plaintiff*